```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LOUIS FEIS, FRANCIS FEIS,

                Plaintiffs,          MEMORANDUM & ORDER
                                     07-CV-2706 (JS)(AKT)
        -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Joseph B. Strassman, Esq.
                   Schoen & Strassman, L.L.P.
                   52 Elm Street
                   Huntington, NY 11743

For Defendant:     Diane C. Leonardo-Beckmann, Esq.
                   United States Attorneys Office, EDNY
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

On July 5, 2007, Louis Feis and Francis Feis ("Plaintiffs") filed a Complaint with this Court alleging that Louis Feis ("Plaintiff")[1] slipped and fell on a wet floor at a Veteran's Administration ("VA") Hospital. Defendant filed a motion for summary judgment on February 17, 2009, seeking dismissal of Plaintiffs' Complaint. For the reasons stated below, Defendant's motion is granted in its entirety.

## BACKGROUND

The following facts are taken from Defendant's 56.1

---

[1] Although Louis Feis brings this action with his wife, Francis Feis, all references to "Plaintiff" in the singular apply only to Plaintiff Louis Feis.

Statement and the exhibits thereto.[2]

Plaintiff received physical therapy from a VA Hospital (the "Hospital") for his shoulder pain. (Def's. R. 56.1 Statement ("Def's. Stmt.") ¶¶ 2, 3.) On May 12, 2005, Plaintiff was a patient at the Hospital. (Id. ¶ 4.) On that date, Plaintiff fell in a well-lit hallway in the basement of the hospital. (Id. ¶¶ 7, 9.) Plaintiff alleges that the Hospital used a machine to clean the hallway floors, and that the machine often leaked water onto the floor, causing Plaintiff's fall.

Plaintiff generally arrived at the Hospital at the same time for his physical therapy sessions. (Id. ¶ 15.) Plaintiff did not see anyone cleaning the floor on the morning of his fall, nor had Plaintiff ever seen anyone cleaning the floor at the time he arrived for his therapy. (Id. ¶¶ 13, 14.) Additionally, Plaintiff did not see a cleaning machine in the hallway on the day of his

---

[2] Plaintiffs have an obligation to do more than merely deny or dispute a Rule 56.1 Statement of Fact. Rather, a "statement controverting any statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible." Local Civ. R. 56.1(d). Here, Plaintiffs object to several of Defendant's statements, yet fail to support their objections with a citation to evidence. The Court will not consider as disputed any statement supported by admissible evidence to which Plaintiff objects, but does not support with evidence. See Fashion Shop LLC v. Virtual Sales Group Corp., 525 F. Supp. 2d 436, 446 (S.D.N.Y. 2007) (holding that a court may deem a Rule 56.1 Statement admitted where a counter-party fails to follow its Rule 56.1 Counter-Statement with a citation to admissible evidence); see also Lee v. Marvel Enters., 386 F. Supp. 2d 235, 245 (S.D.N.Y. 2005).

fall. (Id. ¶ 16.)

Defendant had a policy and procedure in place for cleaning the floors in the basement. (Id. ¶ 27.) John Downey ("Downey"), who was responsible for housekeeping, testified that the hallway where Plaintiff fell was cleaned during the evening shift, between 3:30 p.m. and midnight. (Id. ¶ 28.) According to Downey, the area was cleaned closer towards the end of the evening shift, after 9:00 p.m., due to the activity level in that hallway. (Downey Dep. P. 16, 18.) Downey testified that the hospital's policy was to mop reported spills immediately, place caution signs in the area of the spill, and have an employee stay at the site of the spill until the floor was dry. (Def's. Stmt. ¶ 30; Downey Dep. P. 20.)

In May of 2005, David Westman ("Westman"), a physical therapist at the hospital, worked during the hours of 7:30 a.m. to 3:30 p.m. (Westman Dep. P. 16). Westman testified that he did not recall seeing the cleaning machine that Plaintiff claims caused his fall in the morning hours, although he did recall seeing the machine occasionally during his regular working hours. (Id. Dep. P. 16, 17.) Westman did not recall seeing the machine in use on the day of Plaintiff's fall. (Id. P. 18.)

Kenneth Tiedemann ("Tiedemann"), a VA employee, was assigned to clean the basement where Plaintiff fell. (Def's. Stmt. ¶ 31.) Tiedemann testified that he was not trained to use the

floor scrubber machine that Plaintiff claims caused his fall. (Id. ¶ 32.) Tiedemann was the only housekeeping aide in the basement at the time of Plaintiff's fall. (Tiedemann Dep. P. 19.) Tiedemann further testified that he had never seen any leaks caused by the machine. (Tiedemann Dep. P. 15.)

Plaintiff testified that he "probably" saw water on the floor prior to May 12, 2005, but "never paid attention to it." (Pl.'s Dep. P. 40). Plaintiff recalled complaining once to the person who cleaned the floor that water was left on the floor by the cleaning machine. (Id. P. 45.) Plaintiff could not recall exactly what this person looked like, but recalled that he was Black, wore glasses, and was approximately five feet, seven inches tall. (Id. P. 43, 44.)

Plaintiff testified that he never saw anyone cleaning the floor in the mornings before his physical therapy. (Id. P. 37.) Plaintiff then testified that he always saw the cleaning machine in the morning, and then again testified that he never saw anyone cleaning the floor in the early morning.[3] (Id. P. 38, 39.)

DISCUSSION

I. Standard of Review on Summary Judgment

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the

---

[3] The Court notes that there are many inconsistencies and contradictions within Plaintiff's own deposition testimony.

4

moving party is entitled to judgment as a matter of law." <u>Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.)</u>, 153 F.3d 61, 67 (2d Cir. 1998) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>see also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997); <u>see also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>McLee</u>, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (quoting <u>Anderson</u>, 477 U.S. at 256). "Mere conclusory allegations or denials will not suffice." <u>William v. Smith</u>, 781 F.2d 319, 323 (2d Cir. 1986). Similarly, "unsupported allegations do not create a material issue of fact." <u>Weinstock</u>, 224 F.3d at 41 (<u>citing to</u>

5

Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

II. Negligence

"Under New York law, '[i]n order for a plaintiff in a 'slip and fall' case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition.'" Salerno v. Eckerd Corp., 539 F. Supp. 2d 612, 615 (E.D.N.Y. 2008) (quoting Bykofsky v. Waldbaum's Supermarkets, Inc., 210 A.D. 2d 280, 281, 619 N.Y.S.2d 760 (2d Dep't 1994). The United States, as the party moving for summary judgment, "bears the burden of making a prima facie showing that it neither created a dangerous condition nor had actual or constructive notice of it as a matter of law." Buskey v. Boston Mkt. Corp., No. 04-CV-2193, 2006 U.S. Dist. LEXIS 65756, at *12 (E.D.N.Y. Aug. 14, 2006) (citation omitted).

"Once Defendant makes out such a showing, '[i]t is then incumbent upon plaintiff[] to make an affirmative evidentiary showing that a genuine issue of fact exist[s].'" Id. (quoting Maiorano v. Price Chopper Operating Co., Inc., 221 A.D.2d 698, 699, 633 N.Y.S.2d 413 (N.Y. App. Div. 1995)). "In order for the Court to find that Defendant created a dangerous condition, there must be 'some affirmative act on the part of [Defendant].'" Buskey, 2006 U.S. Dist. LEXIS 65756, at *13 (E.D.N.Y. Aug. 14, 2006) (quoting

6

Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004). However, a showing that Defendant created a condition "that is based upon 'surmise, conjecture, speculation or assertions [is] without probative value' and [is] insufficient to defeat summary judgment." Buskey v. Boston Mkt. Corp., 2006 U.S. Dist. LEXIS 65756 (E.D.N.Y. Aug. 14, 2006) (quoting Maiorano v. Price Chopper Operating Co., Inc., 221 A.D.2d 698, 699, 633 N.Y.S.2d 413 (N.Y. App. Div. 1995)).

    A.   Creation of the Incident

Defendant maintains that it did not create the alleged wet condition on the floor where Plaintiff fell. Defendant argues that the cleaning machine which Plaintiff claims created the hazardous condition was not in use on the morning of Plaintiff's fall. In support of this claim, Defendant maintains that Tiedemann was assigned to clean the hallway on the day of Plaintiff's fall and he did not use the machine because he was not trained to do so. Additionally, Defendant cites to Downey's deposition, wherein Downey asserts that the VA had specific procedures in place regarding the use of the machine, and these procedures did not involve using the machine in the early morning or at anytime during Plaintiff's fall. Defendant also argues that Plaintiff himself testified that he did not see the machine or anyone cleaning the floor on the morning of his fall.

    However, Plaintiff counters that there is a genuine

7

issue of fact regarding whether Defendant created the wet floor condition. Plaintiff states that Westman noted that there was water on the floor next to Plaintiff after his fall. Further, Plaintiff states that an unidentified hospital employee approached Plaintiff in the emergency room and apologized for leaving water on the floor; allegedly, the employee explained that "the squeegee didn't pick it all up." (Pl.'s Dep. P. 44.) Plaintiff maintains that he had seen this employee operating the machine in the past and on at least one occasion complained to the employee that the machine left water on the floor. According to Plaintiff, the employee's statement creates a material issue of fact as to whether Defendant created the incident that caused Plaintiff's accident.

Plaintiff's argument that Defendant caused the slip is premised almost entirely on the statement of this unidentified employee. At the outset, the Court must consider whether the employee's statement is inadmissible hearsay. A statement is not hearsay if it is offered against a party and is made "by the party's agent or servant concerning a matter within the scope of the agency or employment, [and] during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). Plaintiff argues that the statement is not hearsay because it is a party admission made by a VA employee authorized to operate the machine; Defendant maintains that Plaintiff has not established that the employee was an agent or servant speaking on a matter within the scope of his

employment.

The Second Circuit has held that "admissibility under this rule should be granted freely." Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534, 537 (2d Cir. 1992). However, the party seeking to introduce the statement must establish a sufficient foundation to support admission of the vicarious statement. This foundation "requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." Id. However, the statement itself may not be used to establish this foundation.

Even when construed under the "liberal admissibility" standard for vicarious admissions utilized in this Circuit, see id., Plaintiff's circumstantial evidence still fails to establish that the unidentified employee was in fact a VA employee authorized to use the cleaning machine, or that the unidentified employee used the machine on the day of Plaintiff's fall.

In Pappas, the Second Circuit held that the district court erred by failing to allow statements by an unidentified individual regarding icy walkway conditions. The Second Circuit held that the following circumstantial evidence sufficed to permit the statement: the witness testified that she called the building's management company regarding the icy conditions and the

9

unidentified individual responded to her complaint, a personnel manager testified that one of the employees responsible for ice removal would have been on duty on the night of the accident, and the individual who responded to the complaint arrived with a shovel and bucket.

In a similar case, this District found that there was enough circumstantial evidence to admit the statement of an unidentified individual to the plaintiff that he was sorry for the plaintiff's fall and that he was supposed to clean up the spill. Smith v. Pathmark Stores, Inc., 485 F. Supp. 2d 235, 239 (E.D.N.Y. 2007). However, in that case, the plaintiff testified that the unidentified male individual wore a name-tag with the defendant corporation's logo. Additionally, an incident investigation report regarding the accident noted that there were three maintenance employees, two of whom were male, on duty at the time of the plaintiff's fall, and the evidence established that the two male employees on duty were responsible for cleaning the aisles. Finally, all of the deposed employees agreed that it was the responsibility of the maintenance crew to clean up spills on the floor.

Contrarily, here, Plaintiff has provided scant circumstantial evidence establishing that the unidentified individual who apologized to him was a VA employee authorized to use the cleaning machine and that the unidentified individual made

10

a statement concerning his employment. Plaintiff testified that the individual was not wearing a name-tag. Although Plaintiff testified that this is the same individual he recollected "one time" complaining to him in the past regarding water on the floor, Plaintiff also testified that he didn't "know exactly what he look[ed] like" and he couldn't "pick him out of a lineup." [Pl.'s Dep. P. 44]

Importantly, Plaintiff testified that he did not see the machine, nor did he see anyone cleaning the floor, on the morning of his fall. [Id. 37, 38] Additionally, Plaintiff testified that he had never seen anyone cleaning the floor during the morning hours in question. [Id. 38-39.] There is no evidence that there was any VA individual on the morning of Plaintiff's fall who was authorized to use the machine. In fact, Teidemann testified that he was the only maintenance employee in the basement at that time, and further testified that he was not trained to use the machine. Downey testified that the hallway where Plaintiff fell was cleaned in the evening, and not in the morning.

In sum, there simply is not enough circumstantial evidence, even under a most lenient standard, supporting the admission of this unidentified individual. See Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 129 (2d Cir. 2005) (district court did not err in excluding statement by a deck hand because the plaintiff had not provided sufficient circumstantial evidence that the deck

11

hand was one of the persons who had painted the rail in question); Travessi v. Saks Fifth Ave., Inc., No. 00-CV-8970, 2005 U.S. Dist. LEXIS 17138, 18-19 (S.D.N.Y. Aug. 15, 2005). Absent the statement itself, which the Court cannot consider in determining its admissibility, there is little circumstantial evidence indicating that the unidentified individual was a VA employee who used the machine to clean the hallway on the morning of Plaintiff's fall. Thus, the Court finds that this unidentified individual's statement is inadmissible hearsay.

Construing the evidence in favor of Plaintiff, the non-moving party, there is no evidence that Defendant created the allegedly dangerous condition. Plaintiff has not provided any "proof, only mere speculation, as to how the substance got on the floor, or whether the defendant[] or [its] employees created the condition, and absent evidentiary proof in admissible form to prove otherwise, [Plaintiff] has not raised a triable issue of fact." Quarles v. Columbia Sussex Corp., 997 F. Supp. 327, 331 (E.D.N.Y. 1998).

B.  Actual or Constructive Notice of the Condition

Defendant maintains that it did not have notice of the allegedly wet floor. According to Defendant, it was neither informed of the wet floor, nor did it observe this dangerous condition. Plaintiff argues that Defendant was on notice of the wet floor because Plaintiff complained in the past that the machine

12

left water on the floor.

The Court finds that Defendant did not have actual or constructive notice of the defective condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." <u>Gordon v. American Museum of Natural History</u>, 67 N.Y.2d 836, 838 (1986). Plaintiff testified that he did not see the water on the floor before he fell. (Pl.'s Dep. P. 35-36.) There is no testimony that anyone complained about water on the floor on the day of Plaintiff's fall, or that anyone saw water on the floor on that date. It is entirely feasible that the wet floor occurred by a spill or in some other manner merely seconds before Plaintiff's fall.

Nor has Plaintiff shown that Defendant had constructive notice of an allegedly recurring problem with the cleaning machine that caused the machine to leak water on the floor. Plaintiff testified that he "probably" saw water on the floor in the past, but "never paid attention to it." Additionally, Plaintiff only recalls complaining once in the past. Teidemann, who was responsible for cleaning the area, testified that he never saw any leaks coming from the machine prior to May 12, 2005 (Teidemann Dep. P. 15). Downey testified that he was not aware of any leakage with the machine. There is absolutely no evidence creating an issue of

13

fact that there was a recurring problem with leakage. Thus, the Court finds that there is no issue of fact with respect to Defendant's lack of notice.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion for summary judgment. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         September   10  , 2009