```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LOUIS FEIS, FRANCIS FEIS,

                Plaintiffs,         MEMORANDUM & ORDER
                                    07-CV-2706 (JS)(AKT)
        -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Joseph B. Strassman, Esq.
                   Schoen & Strassman, LLP
                   52 Elm Street
                   Huntington, NY 11743

For Defendant:     Diane C. Leonardo-Beckmann, Esq.
                   United States Attorney's Office
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

On October 1, 2010, the Second Circuit vacated the Court's summary judgment grant in Defendant's favor, and remanded for further consideration. See Docket No. 38, 2010 WL 3818125. The Court now considers Defendant's summary judgment motion anew. Having done so, the Court once again GRANTS Defendant summary judgment.

## BACKGROUND

On July 5, 2007, Louis Feis and Francis Feis ("Plaintiffs") filed a Complaint alleging that Louis Feis slipped and fell on a wet floor at a Veteran's Administration

hospital. Defendant moved for summary judgment, which the Court granted on September 10, 2009. See Docket No. 35, 2009 WL 2983026 (E.D.N.Y. Sep. 10, 2009).

In deciding the summary judgment motion, the Court excluded as inadmissible hearsay Plaintiff's testimony that an unidentified individual visited him in the emergency room and told him "I'm sorry I left water on the floor. The squeegee machine didn't pick it up." (Pl. Dep. Tr. at 44.) The Court found that Plaintiff did not provide adequate foundation to admit the statement. But, in considering whether Plaintiff laid an adequate foundation, the Court errantly neglected to consider the statement itself. So on October 1, 2010, the Second Circuit vacated the Court's decision, and remanded with instructions to consider "whether plaintiff's testimony regarding the declarant's statement is admissible, considering inter alia, the statement itself in determining whether an adequate foundation was established." See 2010 WL 3818125, at *2.

Having now done so, the Court once again finds that Defendant is entitled to summary judgment.

## DISCUSSION

The Court incorporates by reference the summary judgment standards it articulated when first granting Defendant summary judgment. See 2009 WL 2983026 at *2. Having done so,

the Court turns to the question of the statement's admissibility. In addressing this question at the summary judgment stage, the Court applies the same standards that it would at trial.[1]

In so considering, the Court concludes that the statement could only be admissible as a party admission under FED. R. EVID. 801(d)(2)(D). To admit a statement under this rule, a party must establish "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." Marcic v. Reinauer Transportation Co., 397 F.3d 120, 128-129 (2d Cir. 2005); Pappas v. Middle Earth Condo. Ass'n, 963 F.2d 534, 537 (2d Cir. 1992). "[T]he contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under . . . the agency or employment relationship thereof." See FED. R. EVID. 801(d)(2).

---

[1] See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) ("The principles governing admissibility of evidence do not change on a motion for summary judgment."); Harris v. Key Bank Nat'l. Ass'n., 193 F. Supp. 2d 707, 716 (W.D.N.Y. 2002) ("As a general rule, the admissibility of evidence on a motion for summary judgment is subject to the same rules that govern the admissibility of evidence at trial.") (internal citations and quotations omitted).

3

If, as is the case here, the declarant is unidentified, additional concerns arise. As the Second Circuit has recently noted, albeit in a summary order, "the lack of evidence as to [a declarant's] identity, without more, weighs against a finding that [the party] has presented an adequate foundation" of an agency relationship. See Farganis v. Town of Montgomery, 2010 WL 4136183, at *1 (2d Cir. Oct. 21, 2010); see also Zaken v. Boerer, 964 F.2d 1319, 1324 (2d Cir. 1992). But a party can establish the requisite foundation through "circumstantial evidence." Farganis, 2010 WL 4136183 at *1.

Here, Plaintiff has adduced insufficient circumstantial evidence to infer the existence of an agency relationship. At most, Plaintiff can cite the statement itself, and his testimony that he recognized the unidentified declarant as the person he had seen "doing the squeegee." (Pl. Dep. Tr. 42-43.) But, cutting against that pseudo-identification, Plaintiff acknowledged that he could "probably not" "pick him out of a lineup." (Pl. Dep. Tr. 44.) And Plaintiff further acknowledged that his memory of the emergency room conversation was incomplete, and perhaps not entirely lucid. He could not, for instance, recall whether anyone else was there when the squeegee guy came to see him because he was in a hospital bed and "[t]hey had me all up in tubes." (Pl. Dep. Tr. 44.)

4

Thus, the Court must decide whether the statement ("I'm sorry I left water on the floor. The squeegee machine didn't pick it up"), combined with Plaintiff's weak identification of the declarant as "the guy that was doing the squeegee," creates sufficient foundation to infer an agency relationship under FED. R. EVID. 801(d)(2). Exercising its discretion, the Court finds that Plaintiff has failed to establish such a foundation.

To begin with, Plaintiff could not "pick [the declarant] out of lineup," and had trouble remembering details as he was "all up in tubes." Thus, the circumstantial evidence surrounding Plaintiff's pseudo-identification of the emergency room declarant as "the guy" he'd seen doing the squeegee suggests that this identification is weak at best, and perhaps not entirely lucid.

Second, given that Plaintiff could not "pick [the declarant] out of a lineup," it is notable that Plaintiff could not recall any other details that might suggest this individual was a hospital employee, speaking about a matter within the scope of his agency. This is not a case where, for instance, the unidentified declarant wore a name tag identifying himself as one of the defendant's employees. Compare with Smith v. Pathmark Stores, Inc., 485 F. Supp. 2d 235, 238 (E.D.N.Y. 2007).

Nor is this a case where other witnesses confirmed that a person resembling Plaintiff's description of the declarant worked as a floor cleaner at the hospital, much less on the morning in question. Accordingly, as in most cases[2] that involve unidentified declarants, the Court finds that Plaintiff has not provided sufficient foundation to render the declarant's statement admissible under FED. R. EVID. 801(d)(2)(D).

CONCLUSION

The Court finds that the statement at issue is not admissible under FED. R. EVID. 801(d)(2)(D), but is instead inadmissible hearsay. Consequently, for the same reasons that the Court first granted summary judgment, it again grants summary judgment. See 2009 WL 2983026 at *2-6. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February __9__, 2011
Central Islip, New York

---

[2] See, e.g., Farganis, 2010 WL 4136183 at *1; Zaken, 964 F.2d at 1324; Travessi v. Saks Fifth Ave. Inc., 00-CV-8970, 2005 WL 1981705, at *7 (S.D.N.Y. 2005); Evans v. Port Authority of New York and New Jersey, 192 F. Supp. 2d 247, 264 (S.D.N.Y. 2002); see also National Communications Ass'n, Inc. v. American Tel. & Tel. Co., 92-CV-1735, 1998 WL 118174, at *10 n. 7 (S.D.N.Y. 1998).

6